■ TAMARA PETROFF, an Infant, by JOSEPHINE PETROFF, Her Guardian ad Litem, et al., Respondents-Appellants, v. JOHN A. BRZEZINSKI, Appellant-Respondent, and MARY A. PETROFF et al., Respondents. (Action Nos. 2, 3, 4 and 5.) — Order reversed and verdicts reinstated, without costs of these appeals to any party. Memorandum: The verdicts of the jury were not contrary to the weight of evidence. Williams, P. J., Henry and Del Vecchio, JJ., concur; Henry, J., in result in the following Memorandum: The jury rendered verdicts in actions numbered 2, 3, 4 and 5 in favor of the respective plaintiffs therein against the defendants Petroff and Miszuk and in favor of defendant Brzezinski. The trial court on motion of defendants Petroff and Miszuk set aside such verdicts and granted new trials of all actions. Such verdicts insofar as they were in favor of the plaintiffs against defendants Petroff and Miszuk were not against the weight of the evidence and the trial court did not find that they were. The order setting them aside should be reversed and such verdicts should be reinstated in favor of such plaintiffs against said defendants.

The jury having found that defendant Mary A. Petroff was negligent, the verdict against her and her husband in action No. 1 should not have been set aside on the ground that the jury's verdict finding defendant Brzezinski free from negligence was against the weight of the evidence. Recovery by such plaintiffs was barred by the contributory negligence of plaintiff Mary A. Petroff irrespective of any negligence of defendant Brzezinski. The verdicts in favor of defendant Brzezinski in Actions Nos. 2, 3, 4 and 5 should not be set aside because the plaintiffs therein made no motion to set them aside, and Brzezinski's codefendants had no standing to set them aside because they were not his adversaries (*Baidach* v. *Togut*, 7 N Y 2d 128; *Glaser* v. *Huette*, 232 App. Div. 119, affd. 256 N. Y. 686; *Schultz* v. *Alfred*, 11 A D 2d 266, 268). Bastow and Goldman, JJ., dissent and vote for affirmance in the following Memorandum: In our opinion the finding implicit in the verdict of the jury that appellant, Brzezinski, was not negligent was against the weight of the credible evidence. All verdicts were properly set aside. It was the testimony of Brzezinski that the Miszuk vehicle (operated by Mrs. Petroff) emerged from a driveway on the south side of highway without stopping. The physical evidence consisting of the debris in the road and the damage to the Petroff car corroborates the version of Mrs. Petroff and the passengers in the other vehicle that a turn had been completed into the highway and the car had proceeded some distance in a westerly direction when it was struck in the rear by Brzezinski's vehicle. Furthermore, there is proof, as stated by the trial court in its memorandum, from a disinterested witness that the Brzezinski car was being operated at an estimated speed of 70 miles an hour about one-half mile east of the point of the collision. (Appeals by plaintiffs in actions Nos. 2, 3, 4 and 5 from an order of Erie Trial Term vacating judgments in favor of plaintiffs and against defendants Petroff and Miszuk and granting a new trial, also appeal by defendant Brzezinski from the same order insofar as it sets aside a verdict of no cause of action and grants a new trial as to him, in automobile negligence actions.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.